IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Don H. Smith, | ) |
| | ) C/A No. 3:07-CV-1674-DCN-JRM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) **ORDER AND OPINION** |
| Michael J. Astrue, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the court on Magistrate Judge Joseph R. McCrorey's report and recommendation that this court adopt and affirm the Commissioner's decision denying plaintiff's application for Disability Insurance Benefits ("DIB") under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3) (the "Act"). The record includes a Report and Recommendation ("Report") of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the magistrate judge's report and recommendation is adopted and affirmed.

The court adopts the extensive review of the facts and background of this case included in the magistrate judge's report and recommendation.

## I. SCOPE OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's Report to which a specific, written objection is made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140 (1985). This court is not

1

required to review, under a de novo standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. at 149-50. A party's general objections are not sufficient to challenge a magistrate judge's findings. Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify the Report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636 (b)(1).

Although this court may review the magistrate judge's recommendation de novo, judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" has been defined as

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if h[er] decision is supported by substantial evidence." Id. Instead, when substantial evidence supports the Commissioner's decision, this court must affirm that decision even if it disagrees with the Commissioner.

Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays, 907 F.2d at 1456.

## II. DISCUSSION

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Regulations establish a sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether that severe impairment meets or equals an illness contained in 20 C.F.R. Part 4, Subpart P, Appendix 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the impairment prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as Residual Functional Capacity or "RFC") and his vocational capabilities (age, education, and past work experience) to adjust to a new job. Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); see also Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 20 C.F.R. § 416.920). The applicant bears the burden of production and proof during the first four steps of the inquiry. Pass, 65 F.3d at

1203 (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). If the sequential evaluation process proceeds to the fifth step, the burden shifts to the Commissioner to show that other work is available in the national economy which the claimant could perform. Id.; see also Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987) (discussing burden of proof).

Plaintiff objects to the report and recommendation on two grounds. First, plaintiff argues that the ALJ improperly used the Medical-Vocational Grids to determine whether plaintiff was disabled. Second, plaintiff argues that the ALJ failed to afford great weight to plaintiff's testimony.

The Fourth Circuit has held that where a claimant establishes the presence of both exertional and nonexertional impairments, it is inappropriate to rely exclusively on the Medical-Vocational Grids to determine the jobs a claimant is able to perform. See Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983); Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989). "The proper inquiry, under Grant, is whether a given nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable." Smith v. Schweiker, 719 F.2 723, 725 (4th Cir. 1984). The Fourth Circuit has also determined that "not all nonexertional conditions or limitations affect an individual's capacity to perform such work." Id. It is a question of fact as to "whether a given nonexertional condition affects a particular claimant's residual capacity to engage in certain job activities." Id.

Here, it is clear from the record that substantial evidence supported the ALJ's finding of fact that the nonexertional limitations, such as anxiety, leg swelling and pain,

that plaintiff complained of did not affect his capacity to perform sedentary work. Tr. 19. After reviewing the record in its entirety and considering plaintiff's testimony, the ALJ found that plaintiff could perform all types of sedentary work. Tr. 20. The court finds that substantial evidence supported the ALJ's determination that plaintiff did not suffer from nonexertional impairments that affected his ability to perform all types of sedentary work. Therefore, conclusive use of the Medical-Vocational Grids was not precluded for a finding that plaintiff was not disabled. Accordingly, because the ALJ's decision was supported by substantial evidence, the court's inquiry must end.

As to plaintiff's second objection that the ALJ incorrectly failed to afford great weight to plaintiff's testimony, this conclusion is outside the scope of this court's review. It is well settled that it is not the responsibility of the district court to substitute its own judgment for that of the agency and if the agency decision is supported by substantial evidence then the reviewing court must affirm. Sterling v. Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-40 (4th Cir. 1997). The ALJ has a responsibility to weigh all evidence, including the relevant medical evidence, to resolve any conflicts. See Hays, 907 F.2d 1453, 1456 (4th Cir. 1990).

The ALJ is not required to give plaintiff's testimony great weight. The ALJ determined plaintiff's testimony as to the severity of his pain not to be credible. The ALJ explained the reasons for this finding including the lack of objective medical evidence and the conclusions of the treating physicians. Tr. 19. Although the absence of objective medical evidence to support plaintiff's allegations of pain is not necessarily outcome determinative, this rule does not compel the alternative conclusion that plaintiff is in fact

disabled.  See Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir. 1990).  The ALJ is responsible for weighing all evidence and making the findings of fact as to plaintiff's pain limitations.  The court finds the ALJ's decision is supported by substantial evidence and plaintiff's objection lacks merit.

### III.  CONCLUSION

For the reasons stated above and in the magistrate judge's Report and Recommendation, it is therefore **ORDERED** that plaintiff's claim of benefits be **DENIED**.  The report and recommendation issued by the magistrate judge is **ADOPTED** and **AFFIRMED**.

AND IT IS SO ORDERED.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**September 23, 2008**
**Charleston, South Carolina**